GLANCY BINKOW & GOLDBERG LLP
LIONEL Z. GLANCY (#134180)
MICHAEL GOLDBERG (#188669)
MARC L. GODINO (#182689)
1801 Avenue of the Stars, Suite 311
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160
E-mail: info@glancylaw.com

TOSTRUD LAW GROUP, P.C.
JON A. TOSTRUD (#199502)
1901 Avenue of the Stars, Suite 200
Los Angeles, CA 90067
Telephone: (310) 278-2600
Facsimile: (310) 278-2640
E-mail: jtostrud@tostrudlaw.com

*Attorneys for Plaintiff Joon Khang*

FILED
12 FEB -1 PM 2:18
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY:

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

JOON KHANG, Individually and On Behalf of All Others Similarly Situated,

Plaintiff,

v.

FACEBOOK, INC., a Delaware Corporation,

Defendant.

Case No. SACV12 0161 CJC (JPRx)

**CLASS ACTION COMPLAINT**

**JURY TRIAL DEMANED**

**COPY**

Plaintiff Joon Khang ("Plaintiff"), brings this action against defendant Facebook, Inc. ("Facebook" or "Defendant"), on behalf of himself, and all others similarly situated, and alleges as follows:

## INTRODUCTION

1. This action is brought on behalf of Plaintiff, individually and on behalf of all others similarly situated nationwide, against Defendant to redress Defendant's violations of consumers' rights of privacy.

2. Defendant discloses to its users that it installs computer files called "cookies" on the computers of its users at the time a user logs onto the Facebook website. Defendant further discloses to its users that these cookies are automatically deleted when a user logs out of Facebook. These cookies were presumably for the purpose of tracking a user's activity within the Facebook website.

3. However, on or about September 26, 2011, Defendant was forced to reveal to the public that, in fact, the cookies were not deleted when a user logged out of Facebook, and that these computer files continued to track user activity on the Internet.

4. Defendant's admission came on the heels of an Australian technology blogger's expose of Defendant's practice of monitoring its users' Internet activity even after the user has logged out of Facebook.

5. As a result of Defendant's misconduct, Plaintiff seeks damages and injunctive relief under the following statutes: The Federal Wiretap Act and the Stored Electronic Communications Act.

**JURISDICTION AND VENUE**

6. This Court has subject matter jurisdiction pursuant to §1332(d)(2) because the matter in controversy, upon information and belief, exceeds $5,000,000, exclusive of interest and costs, and this is a class action in which the Class members and Defendant are citizens of different states. This Court also has subject matter jurisdiction because this action arises under federal statutes.

7. Substantial acts which give rise to the causes of action asserted herein occurred within this State and this judicial district.

8. Venue is proper in this Court because Defendant resides in this State, and many of the proposed Class members are residents of this District. Pursuant to 28 U.S.C. §1391(c), Defendant is deemed to reside in this District because it is subject to personal jurisdiction in this District and because Defendant has continuous and systematic contacts with this State because Defendant provides services in California to residents of this District.

## THE PARTIES

9. Plaintiff Joon Khang is a citizen of the State of California and the United States of America, and maintains a residence in Irvine, California.

10. Defendant Facebook, Inc. is a Delaware corporation with its principal place of business at 156 University Avenue, Palo Alto, California.

## CLASS ACTION ALLEGATIONS

11. Plaintiff brings this action on his own behalf and on behalf of a Class of all other persons similarly situated, pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure.

12. Plaintiff seeks certification of a nationwide Class of consumers who had active Facebook accounts on or before September 26, 2011, and logged out of Facebook one or more times during that time period.

13. Excluded from the proposed Class are Defendant and any person, firm, trust, corporation or other entity related to or affiliated with Defendants, as well as the Judge(s) assigned to this case. On information and belief, the Class is composed of tens of millions of Facebook users throughout the United States, the joinder of which in one action would be impracticable.

14. The disposition of the claims of the proposed Class members through this class action will benefit both the parties and the Court. The identities of

individual members of the Class are readily ascertainable through the Defendants' records.

15. There is a well-defined community of interest in the questions of law and fact involved affecting the members of the Class. The questions of law and fact common to the Class predominate over questions affecting only individual Class members, and include, but are not limited to, the following:

    a) Whether Defendant violated the Federal Wiretap Act;

    b) Whether Defendant violated the Stored Electronic Communications Act;

    c) Whether Defendants violated its own Privacy Policy;

    d) The measure of statutory and actual damages and injunctive relief.

16. Plaintiff asserts claims that are typical of the Class, as Plaintiff and the Class Members have similarly suffered harm arising from Defendant's violations of the law as alleged herein.

17. Plaintiff is an adequate representative of the Class because his interests do not conflict with the interests of the Class Members he seeks to represent. Plaintiff will fairly and adequately represent and protect the interests of the Class. Plaintiff's interests are not antagonistic to those of the Class Members.

Plaintiff has retained counsel competent and experienced in the prosecution of class litigation.

18. A class action is superior to other available means for the fair and efficient adjudication of Plaintiff's and the Class Members' claims. Plaintiff and members of the Class have suffered irreparable harm as a result of Defendant's unlawful conduct. Because of the size of the individual Class Members' claims, few, if any, Class Members could afford to seek legal redress for the wrongs complained of herein. Absent the class action, Class Members will continue to suffer losses, the violations of the law described herein will continue without remedy. Defendant continues to engage in the unlawful conduct that is the subject of this Complaint.

## SUBSTANTIVE ALLEGATIONS

19. Facebook is a social networking service and website launched in February 2004, currently operated and privately owned by Facebook, Inc. As of January 2012, Facebook has more than 800 million active users. Users must register before using the site, after which they may create a personal profile, add other users as friends, and exchange messages. It is widely speculated that Facebook will go public in 2012, with an estimated market value of $100 billion.

20. Although the Facebook web site is free to users, Facebook requires a user's name, date of birth, email address, and profile picture (if applicable) to be accessible by everyone.

21. Use of Facebook is governed by Defendant's Statement of Rights and Responsibilities, Data Use Policy, Privacy Policy as well as other documents.

22. At the time a user registers with Defendant's website, the user must consent to having Defendant load computer files ("cookies") onto the user's computer whenever the user logs onto the Facebook website. These cookies track and record a user's Internet activity while logged onto the Facebook website. This information is subsequently used to generate revenue for Defendant.

23. Although a Facebook user consents to Defendant's use of cookies as described above, a user does not consent to having their Internet activity tracked after the user logs out of Defendant's website. In fact, Facebook specifically states on its website that "[W]hen you log out of Facebook, we remove the cookies that identify your particular account."

24. However, unbeknownst to Plaintiff and the proposed Class, Facebook was secretly tracking its user's Internet activity after users logged out of Facebook.

25. In fact, even after a user logged out of Facebook, several of its cookies remained on the user's computers and continued to track the user's Internet activity.

26. Facebook's secret tracking of user's Internet activity even after logoff was first brought to light on September 25, 2011, by an Australian blogger named Kirk Cubrilovic. Mr. Cubrilovic revealed on his blog that more than a half dozen Facebook cookies remained operational after a Facebook user logged off the website.

27. The following day, a Facebook representative contacted Mr. Cubrilovic and admitted that "Facebook had not done as good a job as we could have to explain its cookie practices." Facebook further admitted that one of its primary cookies ("a_user") was not cleared on logout.

28. Facebook's admissions caught the immediate attention of U.S. Representatives Edward Marky and Joe Barton. On September 28, 2011, acting in their capacity as Co-Chairmen of the Congressional Bi-Partisan Privacy Caucus, Marky and Barton sent a letter to the Federal Trade Commission ("FTC") stating "we believe that tracking user behavior without their consent or knowledge raises serious privacy concerns." They further stated that "when users log out of Facebook, they are under the expectation that Facebook is no longer monitoring

their activities. We believe this impression should be the reality. Facebook users should not be tracked without their permission."

29. The next day, the Electronic Information Privacy Information Center also submitted a letter to the FTC stating that "Facebook's tracking of post-log-out internet activity violates both the reasonable expectations of consumers and the company's own privacy statements."

23. As a direct and/or proximate result of Defendant's conduct, Plaintiff's and class members' privacy rights have been compromised.

**FIRST CAUSE OF ACTION**
**(Violation of the Stored Electronic Communications Act, 18 U.S.C. § 2701)**

24. Plaintiff realleges and incorporates herein by reference each of the foregoing paragraphs, and further alleges as follows.

25. The Federal Wiretap Act (the "Wiretap Act"), as amended by the Electronic Communications Privacy Act of 1986, prohibits the willful interception of any wire, oral or electronic communication.

26. 18 USC § 2520(a) provides a private right of action to any person whose wire, oral or electronic communication is intercepted.

27. Facebook intentionally and willfully installed computer files called cookies on its user's computers that intercepted information concerning its users'

internet communications even after the user has logged out of the Facebook website.

28. The data intercepted by the Defendant's cookies after a user logs off the Facebook website are "communications" within the meaning of the Wiretap Act.

29. Plaintiff is a person whose electronic communications were intercepted within the meaning of § 2520.

30. Section 2520 provides for preliminary, equitable and declaratory relief, in addition to statutory damages of the greater of $10,000 or $100 a day for each day of violation, actual and punitive damages, reasonable attorneys' fees, and disgorgement of any profits earned by Defendant as a result of the above-described violations.

31. Plaintiff and other members of the Class were harmed by Defendant's violations, and are entitled to statutory damages, injunctive relief, punitive damages and reasonable attorneys' fees.

**SECOND CAUSE OF ACTION**
**(Violation of the Stored Electronic Communications Act, 18 U.S.C. §2701)**

32. Plaintiff realleges and incorporates herein by reference each of the foregoing paragraphs, and further alleges as follows.

33. The Stored Electronic Communications Act ("SECA") provides a cause of action against a person who intentionally accesses, without authorization, a facility through which an electronic communication service is provided, or who intentionally exceeds an authorization to access that facility, and thereby obtains, alters or prevents authorized access to a wire or electronic communication while it is in storage in such a system.

34. Facebook intentionally placed cookies on its users' computers that accessed users' stored electronic communications without authorization, thus violating the SECA.

35. Plaintiff and other members of the Class were harmed by Defendant's violations, and are entitled to statutory, actual and injunctive relief, punitive damages and reasonable attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and on behalf of the members of the Class defined herein, prays for judgment and relief on all Causes of Action as follows:

A.  An order certifying that the action may be maintained as a class action as defined herein;

B. Awarding Plaintiff and the other members of the Class damages in an amount to be proven at trial, together with prejudgment interest thereon;

C. For restitution and disgorgement of all money or property wrongfully obtained by Defendant by means of its herein-alleged unlawful, business practices;

D. For preliminary and permanent injunctive relief enjoining Defendant, its agents, servants and employees, and all persons acting in concert with the, from engaging in, and continuing to engage in, the unlawful business practices alleged above and that may yet be discovered in the prosecution of this action;

E. Awarding Plaintiff the costs and expenses incurred in this action, including reasonable attorneys' and experts' fees; and

F. Granting Plaintiff and the other members of the Class such other and further relief as the Court deems just and proper.

///

///

///

///

///

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(a) of the Federal Rules of Civil Procedure, Plaintiff demands a jury trial as to all issues triable by a jury.

DATED: February 1, 2012

Respectfully submitted,

GLANCY BINKOW & GOLDBERG LLP

By: ______________________
Lionel Z. Glancy
Michael Goldberg
Marc L. Godino
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160
Email: info@glancylaw.com

TOSTRUD LAW GROUP, P.C.
Jon A. Tostrud
1901 Avenue of the Stars, Suite 200
Los Angeles, CA. 90067
Telephone: (310) 278-2600
Facsimile: (310) 278-2640
Email: jtostrud@tostrudlaw.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Cormac J. Carney and the assigned discovery Magistrate Judge is Jean P. Rosenbluth.

The case number on all documents filed with the Court should read as follows:

**SACV12- 161 CJC (JPRx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

==========================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[ ] **Western Division**
**312 N. Spring St., Rm. G-8**
**Los Angeles, CA 90012**

[X] **Southern Division**
**411 West Fourth St., Rm. 1-053**
**Santa Ana, CA 92701-4516**

[ ] **Eastern Division**
**3470 Twelfth St., Rm. 134**
**Riverside, CA 92501**

Failure to file at the proper location will result in your documents being returned to you.

Name & Address:
Lionel Z. Glancy (134180)
Glancy Binkow & Goldberg LLP
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
(310) 201-9150

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOON KHANG, Individually and On Behalf of All Others Similarly Situated,<br><br>PLAINTIFF(S)<br>v.<br>FACEBOOK, INC., a Delaware Corporation,<br><br>DEFENDANT(S). | CASE NUMBER<br>SACV12 0161 CJC (JPRx)<br><br>**SUMMONS** |

TO: DEFENDANT(S): FACEBOOK, INC.

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ ____________ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, Lionel Z. Glancy, whose address is 1925 Century Park East, Suite 2100, Los Angeles, CA 90067. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clark, U.S. District Court

Dated: FEB - 1 2012

By: ______________________
Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

COPY

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
JOON KHANG

**DEFENDANTS**
FACEBOOK, INC.

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Glancy Binkow & Goldberg LLP
1925 Century Park East, Suite 2100
Los Angeles, CA 90067 (310) 201-9150

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☑ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only (Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify): ☐ 6 Multi-District Litigation ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☑ Yes ☐ No ☑ **MONEY DEMANDED IN COMPLAINT: $** To be determined

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
18 USC 2701

**VII. NATURE OF SUIT (Place an X in one box only.)**

| OTHER STATUTES | CONTRACT | TORTS | TORTS | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | PERSONAL INJURY | PERSONAL PROPERTY | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 340 Marine | BANKRUPTCY | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 195 Contract Product Liability | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 630 Liquor Laws | SOCIAL SECURITY |
| ☑ 890 Other Statutory Actions | ☐ 196 Franchise | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 640 R.R. & Truck | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | REAL PROPERTY | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 650 Airline Regs | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 210 Land Condemnation | IMMIGRATION | ☐ 445 American with Disabilities - Employment | ☐ 660 Occupational Safety /Health | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 220 Foreclosure | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 690 Other | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 230 Rent Lease & Ejectment | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 240 Torts to Land | ☐ 465 Other Immigration Actions | | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 245 Tort Product Liability | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | | | | ☐ 871 IRS-Third Party 26 USC 7609 |

**FOR OFFICE USE ONLY:** Case Number: SACV12 0161

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): ______

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒ No ☐ Yes
If yes, list case number(s) ______

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)
☑ A. Arise from the same or closely related transactions, happenings, or events; or
☑ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☑ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Santa Clara |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange | |

*** Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): [signature] **Date** February 1, 2012

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |